```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 09-61928-Civ-COHN
                                 (97-6023-Cr-ROETTGER)(COHN)
                         MAGISTRATE JUDGE P. A. WHITE
```

DINO IACULLO,                  :

     Movant,                  :

v.                             :         REPORT OF
                                            MAGISTRATE JUDGE

UNITED STATES OF AMERICA       :

     Respondent.              :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking the constitutionality of his sentence for conspiracy to import a mixture and substance containing a detectable amount of cocaine entered following a guilty plea in case no. 97-6023-Cr-Roettger (Cohn).

The Court has reviewed the motion (Cv-DE#1) with supporting memoranda (Cv-DE#s3,6), the government's response (Cv-DE#8), the movant's replies and corrections thereto (Cv-DE#s13-14,17-18), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following two claims:

        1.    The court should compel the government to
               file a Rue 35(b) motion for downward

>    departure based on substantial assistance. (Cv-DE#1:4; Cv-DE#3; Cv-DE#6:2).
>
> 2. The government has breached the terms of its negotiated plea agreement with the movant regarding the movant's request to be transferred to Canada to serve his sentence. (Cv-DE#1:5; Cv-DE#3; Cv-DE#6:7).

## Procedural History

Briefly, the history of the underlying criminal case reveals that the movant was charged with and pleaded guilty to conspiracy to import a detectable amount of cocaine. (Cr-DE#s17,418). In the written plea agreement, the movant agreed to recommend that the quantity of drugs involved in the offense was at least 1,400 kilograms, but less than 1,500 kilograms. (Cr-DE#418:2). The parties acknowledged and agreed that, although the government had no authority to effectuate a prisoner exchange between the United States and Canada, it would not object to the movant's participation in a prisoner exchange program, or for the movant's sentence to be served in Canada. (Id.:2-3). Moreover, the government reserved the right to inform the court and the probation officer of all facts pertinent to the sentencing process, including a recommendation as to quality and quantity of punishment. (Id.:4). The movant also acknowledged, there were no other agreements, promises, representations, or understandings made, other than as contained therein, which induced him to change his plea. (Id.:5).

After preparation of the PSI was received, the movant filed objections, requesting in relevant part, a downward departure based on his consent to deportation. (Cr-DE#294). On November 22, 2000, the court rejected the movant's objections to the PSI, including

the request for a downward departure, and thereafter sentenced the movant to the low-end of the applicable guideline range, to a term of 235 months in prison. (Cr-DE#431). At that time, the court also recommended that the movant be permitted to participate in a treaty transfer program with Canada. (Id.).

Untimely notices of appeal were filed, but the appeal was dismissed by the Eleventh Circuit for lack of jurisdiction. (Cr-DE#s459,491,489,497). The movant then filed a §2255 motion, which was granted by the court, based on the government's concession that counsel was ineffective for failing to file a requested direct appeal. See 03-61095-Civ-Roettger. The remaining claims were dismissed without prejudice. (Cr-DE#514). Pursuant to the dictates of United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), the district court vacated the judgment of conviction, re-imposed the same sentence, including the recommendation that the movant participate in the treaty transfer program with Canada. (Cr-DE#s525,529).

The movant then prosecuted his direct appeal, raising multiple claims challenging the lawfulness of his sentence, including the fact that he was entitled to specific performance of the plea agreement because the government breached the terms contained therein by denying the movant's request for a transfer to a Canadian prison. (Cr-DE#543). On July 7, 2005, the Eleventh Circuit Court of Appeals found in pertinent part no breach of the plea agreement by the government. The court concluded specific performance was unwarranted because the unambiguous terms of the plea agreement only required the government not to object to the movant's participation in a prisoner exchange program with Canada. United States v. Iacullo, 140 Fed.Appx. 94 (11th Cir. 2005); (Cr-DE#543:12). However, the Eleventh Circuit vacated the movant's

sentence and remanded for resentencing[1] consistent with Booker[2]. Id.; (Cr-DE#543:17). Certiorari review was denied on November 7, 2005. Iacullo v. United States, 546 U.S. 1008 (2005).

Pursuant to the appellate court's remand instructions, the movant appeared for resentencing. At that time, the movant requested a downward departure based in part on his cooperation with the government. (Cr-DE#587:7-8,11). The government argued, however, that the movant's cooperation had not risen to the level of substantial assistance. (Id.:14-17). After considering the parties arguments in this regard, including the movant's allocution, the court considered the advisory guidelines and statutory factors, overruling the request. (Id.). Specifically, the court found "a sentence at the low end of the advisory guideline range is sufficiently punitive based on the severity of the defendant's previous federal sentence, and to deter the defendant from further criminal conduct." (Cr-DE#587:25). Thereafter, the movant was sentenced to a term of 235 months in prison. (Cr-DE#587:25-26; Cr-DE#577).

The movant appealed his resentencing judgment, raising two claims of trial court error for failing to consider all of his sentencing arguments, and the statutory factors set forth in 18 U.S.C. §3553(a). Iacullo v. United States, 316 Fed.Appx. 858 (11th Cir. 2008); (Cr-DE#594). On August 21, 2008, the Eleventh Circuit affirmed the resentencing judgment in a written, but unpublished opinion. Iacullo v. United States, 316 Fed.Appx. 858 (11th Cir. 2008); (Cr-DE#594). Certiorari review was denied on December 8,

---

[1] In a footnote, the Eleventh Circuit noted that the court had correctly determined the applicable guideline range of 235 to 293 months imprisonment. Iacullo v. United States, 140 Fed.Appx. at 104.

[2] United States v. Booker, 543 U.S. 220, 229 (2004).

2008. <u>Iacullo v. United States</u>, ___ U.S. ____, 129 S.Ct. 743 (2008).

Thus, for purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case became final at the latest on December 8, 2008, when certiorari review was denied following the affirmance of the movant's resentencing judgment on direct appeal.[3] <u>See Burton v. Stewart</u>, 549 U.S. ____, 127 S.Ct. 793 2007);[4] <u>Ferreira v. Secretary, Dept. of Corrections</u>, 484 F.3d 1286 (11th Cir. 2007) (holding that AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because the judgment is based on the conviction and the sentence.); <u>accord</u>, <u>Stevens v. Secretary, Dept. of Corrections</u>, 2007 WL 4557190 (M.D. Fla. 2007). The movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than December 8, 2009. <u>See</u> <u>Burton v. Stewart</u>, <u>supra</u>. The movant timely filed his initial motion with supporting memorandum on December 1, 2009, less than one year from the time his conviction became final.[5]

---

[3]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>accord</u>, <u>United States v. Kaufman</u>, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. <u>Sup.Ct.R</u>. 13; <u>see</u> <u>also</u>, <u>Close v. United States</u>, 336 F.3d 1283 (11th Cir. 2003).

[4]In <u>Burton</u>, a §2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. <u>Burton</u>, 127 S.Ct. at 795-796. The Court held that the sentence is the judgment, and that the limitations period does not begin until both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. <u>Id</u>. 798-799.

[5]<u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

<u>Discussion of Claims</u>

In **claim one**, the movant asserts that the government breached the plea agreement by failing to move for a sentence reduction pursuant to <u>Fed.R.Cr.P.</u> 35(b), based on his substantial assistance spanning over a decade. According to the movant, he provided the government with substantial assistance in relation to the prosecution of Frank Kent, regarding Kent's exploitation of children, as well as, James C. Wells and Dean Francis Fanning, regarding their drug trade. The movant alleges that the government continues to act in bad faith by refusing to grant him a downward departure based on substantial assistance. The movant maintains he has been denied the reduction due to allegations that he obstructed justice in his other case, no. 95-6257-Cr-Zloch. However, by the movant's own admission, the extent of his cooperation was made known to the court in his sentencing memorandum dated November 2006. (Cv-DE#6:Ex.E).

It should first be noted that the government's argument that claim one is not properly brought by way of a §2255 motion appears to be in error. The Eleventh Circuit has specifically rejected such an argument, concluding that a §2255 motion may be used to enforce promises made in a plea agreement. <u>See</u> <u>United States v. Al-Arian</u>, 514 F.3d 1184, 1190-1191 (11th Cir. 2008)(Holding that the district court in which a defendant pled guilty pursuant to a written plea agreement has jurisdiction over a motion filed by the defendant to enforce the agreement under §2255) <u>citing</u>, <u>Bemis v. United States</u>, 30 F.3d 220, 221 (1st Cir. 1994)(accord); <u>Bischel v. United States</u>, 32 F.3d 259, 264 (7th Cir. 1994)(petitioner satisfied §2255's jurisdictional requirement by claiming that he relied to his detriment on the government's alleged promise to seek a sentencing reduction).

Regardless, the movant is not entitled to relief on the merits in this collateral proceeding. It is well-settled that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "[U]nlike situations involving the normal commercial contract, when a plea is made based upon prosecutorial promises, due process requires that the government adhere to the terms of any plea agreement that it makes." San Pedro v. United States, 79 F.3d 1065, 1075 (11th Cir. 1996)(dissenting opinion). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea. U.S. v. Boatner, 966 F.2d 1575, 1578 (11 Cir. 1992).[6] Thus, to prevail upon this claim, the movant must show that the government breached the terms of the agreement as he reasonably understood them at the time of his plea.

The movant also has the burden of proving facts showing a breach of a plea agreement, and he must make that showing by a preponderance of the evidence. See United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993); see also, United States v. Pollard, 959 F.2d 1011 (D.C. Cir. 1992). In Pollard, the court observed that "only where there has been a clear violation of a definite promise that was a significant inducement to the plea" can a section 2255 movant qualify for relief. Id. at 1027. This high standard, "a clear breach of a significant provision in the agreement," has resulted in relief for very few section 2255 movants alleging plea agreement violations. Id. at 1029 (referencing case survey

---

[6] In Boatner, the Eleventh Circuit remanded the case because the government breached the plea agreement when it introduced evidence through the presentence investigation report showing that Boatner's drug dealings had involved over three kilograms of cocaine, contrary to its stipulation that only two ounces of cocaine would serve as the factual basis for his sentence.

revealing that only 4% of the section 2255 movants over past 20 years had obtained relief based on claimed breach of plea agreement). In this case, given the plain language of the plea agreement, the movant falls far short of establishing "a clear breach."

Where a violation of a plea agreement is alleged, the court must engage in a construction analysis. If, after construing the agreement, the court finds that the movant has satisfied his burden of showing a breach, it may then fashion a remedy, including specific performance of the agreement or withdrawal of the plea. See Santobello, 404 U.S. at 263 (relief may include specific performance or withdrawal of plea); United States v. Nelson, 837 F.2d 1519, 1521-22 (11th Cir. 1988) (same).

Rule 35(b) allows the government to move the district court to reduce a defendant's sentence after sentencing when the defendant provides substantial assistance in investigating or prosecuting another person. See Fed.R.Cr.P. 35(b). The government has the power, but not the duty, to file a Rule 35(b) motion when the defendant has provided substantial assistance. Wade v. United States, 504 U.S. 181, 185 (1992). The Supreme Court has held that federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 186-87. In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on the issue. Id. at 186. In Wade, the Court noted that a defendant would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate government interest. Id.

8

Applying the Supreme Court's holding in Wade, the Eleventh Circuit has concluded that "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." See United States v. Gonslaves, 121 F .3d 1416, 1419 (11 Cir.1997); United States v. Forney, 9 F.3d 1492, 1501-1502 (11 Cir.1993)(citing Wade v. United States, 504 U.S. 181 (1992)). In Forney, the court noted that general contract principles do not control when the government has not specifically agreed to file a U.S.S.G. §5K1.1 motion, and, therefore, there must be a substantial showing of an unconstitutional motivation in order to warrant judicial review. Id. at 1500 n.3.

In this case, the plea agreement provided in pertinent part, as follows:

> The Office of the United States Attorney for the Southern District of Florida reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment....
>
> The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.

(Cr-DE#418:4-5). Although there is no specific language regarding cooperation, to the extent the foregoing can be viewed as such, it is evident that the government retained the sole and unreviewable discretion to make any recommendation to the court regarding the quality and quantity of the movant's punishment. Accordingly, the movant's argument that he provided substantial assistance to the United States, standing alone, is insufficient to warrant judicial intervention.

Stated differently, the United States Attorney's exercise of prosecutorial discretion in this case is immunized from judicial review. The movant, therefore, is bound by the decision of the United States Attorney not to file a "substantial assistance" motion. Under the facts of this case, no showing has been made that the movant is entitled to specific performance, nor that the government breached the terms of the plea agreement. See Forney, 9 F.3d at 1499-1502.

Moreover, the movant's request that the government be compelled to file a Rule 35(b) motion must be also denied because he has failed to make a substantial showing that the government's refusal to do so was based on an unconstitutional motive. See Forney, 9 F.3d at 1498 (11th Cir. 1993)(reviewing de novo whether the district court could compel the Government to make a substantial assistance motion). Constitutionally impermissible motivations include race, religion, and the exercise of a constitutional right to a jury trial. See United States v. Dorsey, 512 F.3d 1321 (11th Cir. 2008).

To the extent the movant means to argue that the government

has acted in bad faith, that alone is insufficient to justify judicial review. See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000)("[This court] limit[s its] review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive.").

In **claim two**, the movant again asserts that the government has breached the terms of its negotiated plea agreement with the movant regarding the movant's request to be transferred to Canada to serve his sentence. (Cv-DE#1:5; Cv-DE#3; Cv-DE#6:7). This claim is clearly refuted by the record.

First, this claim was raised on direct appeal. (Cr-DE#543). There, the movant argued that the government breached the terms of the plea agreement when it denied him a "treaty transfer" to Canada. (Cr-DE#543). The movant argued that he believed the transfer was "pre-approved," based on the government's representations. (Id.). In rejecting the movant's argument, the Eleventh Circuit specifically found that the "unambiguous" language of the plea agreement made clear that no breach had occurred. Iacullo v. United States, 140 Fed.Appx. 94 (11th Cir. 2005); (Cr-DE#543). As noted correctly by the court, the plea agreement reveals that the movant understood that the government "does not have the authority to effectuate a prisoner exchange" and that the government promised to offer no objections to such a transfer, if the movant were otherwise found eligible. Id. Moreover, as previously reiterated in this Report, the movant acknowledged in his plea agreement that the government did not have the authority to effectuate a prisoner exchange between the United States and Canada.

Additionally, in finding no breach by the government, the

11

appellate court further rejected the movant's additional argument that the plea agreement bound the entire federal government not to oppose his transfer request. Id., citing cf., San Pedro v. United States, 79 F.3d 1065, 1068 (11th Cir. 1996)(holding that United States Attorney's Office's plea agreement which may have promised non-deportation to an alien did not bind the INS, since '[f]or an agreement to be valid and binding, the agent must possess actual authority to make the promise").

Here, the movant has not demonstrated a change in circumstance, sufficient to warrant relitigation of the claim. Thus, the presentation of the claim in this §2255 proceeding adds nothing of substance which would justify a different result. See Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994); Graziano v. United States, 83 F.3d 587 (2d Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.).

Regardless, as previously discussed, no showing has been made that the government acted in bad faith or otherwise breached the terms of the plea agreement. Consequently, the movant is entitled to no relief on this claim. See United States v. Djenasevic, 248 Fed.Appx. 135, 142 (11th Cir. 2007)(finding no breach by government

12

were plea agreement only promised not to oppose an application to the Department of Justice for the transfer of defendant's sentence).

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Thus, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 17th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Dino Iacullo, Pro Se
      Reg. No. 30812-004
      F.P.C.-Montgomery
      Maxwell Air Force Base
      Montgomery, AL 36112

```
Roger W. Powell, AUSA
U.S. Attorney's Office
500 East Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
```