UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61928-CIV-COHN/WHITE

DINO IACULLO,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report of Magistrate Judge regarding Petitioner Dino Iacullo's Motion to Vacate pursuant to 28 U.S.C. § 2255 submitted by United States Magistrate Judge Patrick A. White [DE 21]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion to Vacate [DE 1], the Report of Magistrate Judge [DE 21] ("Report"), Mr. Iacullo's Objections [DE 24], and Mr. Iacullo's Request for Hearing [DE 25], and is otherwise advised in the premises.

Mr. Iacullo's Motion to Vacate attacks the constitutionality of his sentence, entered following a guilty plea for conspiracy to import a mixture and substance containing a detectable amount of cocaine. The Motion to Vacate claims: (1) that the Government breached the plea agreement when it failed to request a downward departure for substantial assistance; and (2) that the Government breached the plea agreement regarding Mr. Iacullo's request to be transferred to Canada to serve his sentence. Judge White determined in his Report that both claims should be denied. Thereafter, Mr. Iacullo filed his Objections to the Report on October 12, 2010, arguing first, that Judge White should have recused himself from this matter, second, that the

Report incorrectly states and analyzes the facts regarding each claim, and third, that the Report incorrectly states and applies the law.

As an initial matter, the Court finds that Judge White did not need to recuse himself from this matter. Under 28 U.S.C. § 455, a magistrate judge of the United States need only disqualify himself when "his impartiality might reasonably be questioned," id. As Judge White's impartiality in this matter cannot reasonably be questioned, he need not have recused himself.

Additionally, the Court finds that Judge White has correctly stated and analyzed the facts and the law as to Mr. Iacullo's claim that the Government breached the plea agreement by failing to request a downward departure for substantial assistance. As relief for this claim, Mr. Iacullo requests that the Court compel the Government to file a Rule 35(b) motion. The Court agrees with Judge White that Mr. Iacullo has not shown that the Government breached the plea agreement by failing to request a downward departure. The Court acknowledges that Mr. Iacullo has submitted information regarding his cooperation with the Government, see id. ¶¶ 9-11, but the Government exercised its prosecutorial discretion in deciding not to request a downward departure, a decision that is immune from judicial review under the circumstances of this case, see DE 21 at 10. Additionally, Mr. Iacullo does not have a right to any discovery or an evidentiary hearing because he has not shown that the basis for the Government's failure to file a substantial assistance motion was an unconstitutional motive. See DE 24 ¶¶ 12-17. Though Mr. Iacullo states broadly that "the Government had acted unconstitutionally," id. ¶ 14, he has not identified any specific unconstitutional motive. As such, Mr. Iacullo's first claim must fail.

Further, the Court finds that Judge White has correctly stated and analyzed the facts and the law as to Mr. Iacullo's claim that the Government breached the plea agreement by failing to transfer Mr. Iacullo to Canada to serve his sentence there. As relief for this claim, Mr. Iacullo requests that the Court require the Government to transfer Mr. Iacullo to Canada. The Court agrees with Judge White that the Eleventh Circuit already denied an identical claim, and that Mr. Iacullo has presented no change in circumstance sufficient to warrant relitigation of this claim. Regardless, even considering the facts Mr. Iacullo submits regarding events that occurred after his sentencing, see id. ¶ 20, the Court finds that the Government did not breach its plea agreement with Mr. Iacullo. Therefore, Mr. Iacullo's second claim also must fail. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 21] is **ADOPTED**;
2. Mr. Iacullo's Motion to Vacate [DE 1] is **DENIED with prejudice**;
3. Mr. Iacullo's Request for Hearing [DE 25] is **DENIED**;
4. Mr. Iacullo's Request for Extension of Time to file his objections to the Report of Magistrate Judge [DE 24] is **DENIED as moot**;
5. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of November, 2010.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF